O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHERYAR KHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE, LLC; EVERLY WELL, INC.; ET AL.,<br><br>　　　　　Defendants. | Case No.:  2:22-cv-02333-MEMF-AS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 126]; GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF NOS. 37, 40]; REQUIRING PLAINTFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AGAINST REMAINING DEFENDANTS FOR LACK OF PROSECUTION** |

　　　Before the Court is (1) Plaintiff Shaheryar Khan's ("Khan") Motion for Reconsideration of the Court's Order of Denial[1] (ECF No. 126); (2) Defendant Google, LLC's ("Google") Motion to Dismiss (ECF No. 37); and Defendant Everly Well, Inc.'s ("Everlywell") Motion to Dismiss (ECF No. 40). For the reasons stated herein, the Court DENIES the Motion for Reconsideration and GRANTS both Motions to Dismiss. On its own motion, the Court ORDERS Khan to show the remaining Defendants have been properly and timely served.

---

[1] Although Khan refers to this Motion as a motion to set aside, a motion to set aside applies to a default judgment, not an order. Here, the correct legal vehicle is a motion for reconsideration. Given Khan is *pro se* and the type of motion does not affect the contents of his filing, the Court will simply treat the Motion as a Motion for Reconsideration.

**SUMMARY OF ORDER FOR *PRO SE* LITIGANT SHAHERYAR KHAN**

The Court addresses three motions in this Order.

First, you requested that the Court reconsider its denial of your request to extend the amount of time to file your First Amended Complaint. ECF No. 126. The Court DENIES that Motion; your original Complaint (ECF No. 1) will be the operative complaint in this lawsuit.

Second, Defendant Google filed a Motion to Dismiss all claims you brought against Google. ECF No. 37. The Court GRANTS that Motion because you have failed to state a valid claim against Google, but will give you the opportunity to revise some of the claims within thirty (30) days.

Third, Defendant Everlywell filed a Motion to Dismiss all claims you brought against Everlywell. ECF No. 40. The Court GRANTS that Motion because this Court does not have personal jurisdiction over Everlywell, but will give you the opportunity to revise your complaint to show personal jurisdiction within thirty (30) days.

Independent of the parties' motions, the Court also uses this Order to direct you to either (1) show the Court that you have already properly served the remaining Defendants in this lawsuit by filing valid proofs of service or (2) properly serve the remaining Defendants within forty-five (45) days of the issuance of this Order. If you do not serve the remaining Defendants within this timeframe, your case will be dismissed against those Defendants for lack of prosecution.

Because you are proceeding without an attorney, the Court included a section at the end of this Order with resources for self-represented litigants that you may find helpful.

**BACKGROUND**

I. **Factual Background**

All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated. ECF No. 1. For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, **the Court makes no finding on the truth of these allegations and is therefore not—at this stage—finding that they are true**.

Khan brings this action against 58 named defendants (as well as up to ten Doe and 10,000 Roe defendants) for harms stemming from intellectual property infringement. *See generally* ECF No.

1. Khan owned valuable intellectual property relating to computer software[2] and Khan's business associates profited from this intellectual property without Khan's knowledge or permission. *Id.* Khan's former associates contracted with various companies (also named as defendants) for use of the intellectual property and Khan is owed more than 4 trillion dollars in damages. *Id.* at 11. The infringement began as early as 2000, but due to Defendants' efforts to conceal their activities, Khan did not become aware of the misuse until around 2018 or 2019. *Id.* at 6 ("Since 2000 plaintiff has engaged in business activities and has had them misappropriated without consent."), 8 ("[I]n 2018 [April], plaintiff reasonabl[y] determine[d] that [Defendant Kraemer] had been stealing from [K]han for a long period of time." [*sic*]), 10 ("I did find out that there has been about 20 years of conspiracy on or about June 22nd 2019."). Defendants also employed illegal measures to cover up their theft of the intellectual property, including hacking Khan's personal devices to delete files, spying on him, and involving themselves in the death of a person they employed as a spy. *See, e.g.*, *id.* at 8 ("On or about 6/29/2018 all of [K]han's email[s] . . . and evidence was being deleted by [A]pple using developers['] access to [eliminate] the conversation and emails and digital evidence [K]han owned and compiled from his phone and [laptop computer]."), 10 ("Plaintiff determined that defendants were using . . . [victim] to conduct espionage and steal trade secrets . . . [victim] was found dead approximately 6 days later.").

## II. Procedural History

On April 7, 2022, Khan initiated this legal action by filing his Complaint. ECF No. 1.

Khan brings the following nineteen[3] causes of action: (1) breach of contract; (2) copyright infringement; (3) mail fraud; (4) obstruction of justice; (5) spoliation of evidence; (6) conspiracy; (7) corporate espionage; (8) conflict of interest; (9) insider trading; (10) violation of privacy laws; (11) unfair competition; (12) intentional interference with prospective economic advantage; (13) negligent interference with prospective economic advantage; (14) intentional interference with a contractual relationship; (15) negligent interference with a contractual relationship; (16) inducing

---

[2] The Complaint describes this property as "ideas, technology copyrights and trade secrets to develop technology and copyrights and algorithms and used in loss mitigation and software . . . ." [*sic*] *Id.* at 6.
[3] The Complaint lists twenty causes of action. However, "inducing breach of contract" is listed twice.

breach of contract; (17) misappropriation of trade secrets; (18) violation of the Defend Trade Secrets Act; (19) tolling of a statute.

On July 11, 2022, this Court issued an Order to Show Cause as to why the action should not be dismissed for lack of prosecution. ECF No. 14. Khan replied, indicating he was filing for bankruptcy and facing serious medical issues. ECF No. 18. Khan also requested that the Court extend his time to file a summons and to consent to proceed before a magistrate judge. ECF Nos. 16, 17, 18, 19. The Court granted these extensions. ECF No. 20.

On December 13, 2022, in response to Khan's additional motions requesting the extension of time to complete service on Defendants, the Court issued an Order explaining that Khan was ordered to provide notice of the lawsuit and any requests for waivers of service to all Defendants within thirty days. ECF No. 32 at 3. The proof of service documents Khan filed (both before and after the December Order) are defective—they do not specify which Defendants Khan has served, nor do they specify those Defendants' addresses (many of the proof of service filings instead list this Court as the recipient, *see, e.g.*, ECF No. 25). It appears that Defendants Google and Everlywell were either properly served or obtained actual notice of the lawsuit and waived the service requirements. Both Google and Everlywell filed Motions to Dismiss Khan's Complaint. ECF Nos. 37, 40. Google also filed a Request for Judicial Notice in support of its Motion to Dismiss. ECF No. 37-2. No other Defendants filed responsive pleading.

In response to Defendants' Motions to Dismiss, Khan again filed for multiple extensions to extend the time to file an opposition to the Motions and to extend the time to file an amended complaint. *See, e.g.*, ECF Nos. 51, 52, 56. The Court granted several of these extensions.[4] However, the Court ultimately denied the most recent Motion requesting an extension of time. *See* ECF No. 125. In response to this denial, Khan filed the instant Motion for Reconsideration. ECF No. 126.

The Court addresses all Motions, beginning with Khan's Motion for Reconsideration and then proceeding to Defendants Google's and Everlywell's Motions to Dismiss.

///

---

[4] The Court granted Khan at least nine extensions over the course of this action. *See* ECF Nos. 12, 20, 24, 66, 69, 78, 89, 97, 112.

4

**MOTION FOR RECONSIDERATION**

### I. Applicable Law

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Under the Central District of California's Local Rules, a motion for reconsideration may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
>
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.
>
> No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. Furthermore, absent a showing of good cause, "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id.*

"Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Gish v. Newsom*, No. EDCV 20-755-JGB (KKx), 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted). The moving party bears the burden of proving that reconsideration is proper. *White v. Seabrooks*, No. CV 21-8528-MWF (JEMx), 2022 WL 2189629, at *1 (C.D. Cal. Feb. 24, 2022).

### II. Discussion

Khan seeks reconsideration of the Court's March 18, 2024, Order denying his Ex Parte Motion for an Extension of Time to File a First Amended Complaint. ECF Nos. 125, 126. Khan's Motion fails to make the showing required for a reconsideration under the standards established in *Marlyn Nutraceuticals* and the Local Rules.

1    First, Khan has not presented a "material difference in fact or law" that could not have been
2    known to him at the time the Order was entered. *See* C.D. Cal. L.R. 7-18(a). Nor have any new
3    material facts or changes in law emerged that would have impacted the Court's previous decision to
4    deny the extension of time. *See* C.D. Cal. L.R. 7-18(b). Although Khan states in his Motion that he is
5    "supply[ing] new facts and new information," (ECF No. 126 at 2) in reality, he does not present any
6    new material facts that would justify the grant of yet another extension. The ongoing health issues
7    and computer hacking are unfortunate, but Khan has been aware of these issues for the past several
8    months (if not years) and has shared his concerns with the Court multiple times. *See, e.g.*, ECF Nos.
9    80, 85, 86, 90. As the Court stated in its March Order denying the extension, "the Court understands
10   that medical issues are beyond Khan's control, [however] the deadline cannot be extended
11   indefinitely until Khan's personal health issues are resolved." ECF No. 125 at 2.
12       Finally, Khan has not shown (and cannot show) that the Court has failed to consider the
13   material facts at issue here. *See* C.D. Cal. L.R. 7-18(c). Rather, the Court thoroughly considered
14   Khan's rationale behind the requests for additional time and relied on the facts Khan presented when
15   issuing the previous nine extensions. The Court appreciates Khan is in an extremely difficult
16   situation, but the Federal Rules of Civil Procedure ("Rules" or "Rule") oblige the Court to require an
17   expeditious resolution of this action. Fed. R. Civ. Proc. 1 (stating courts should apply the Rules to
18   secure "the just, speedy, and inexpensive determination of every action and proceeding"); *Dietz v.*
19   *Bouldin*, 579 U.S. 40, 45 (2016) (describing Rule 1 as "paramount"). Defendants Google and
20   Everlywell have justifiably relied on Khan's original Complaint and have responded to the
21   arguments Khan made in that filing. ECF Nos. 37, 40. Absent good cause, further extensions would
22   be inappropriate, as Khan has been given more than a year to prepare his materials, no new material
23   facts or changes in law have arisen, and further delay would run counter to the expeditious
24   administration of justice.
25       Accordingly, for the reasons stated on the record in the Court's March Order denying the
26   extension, the Motion for Reconsideration is DENIED.
27       / / /
28       / / /

# MOTIONS TO DISMISS

Defendants Google and Everlywell both filed Motions to Dismiss in this action. The Court examines each Motion in turn.

## I. Google's Motion to Dismiss

Google moves to dismiss the Complaint for failure to state a valid claim pursuant to Rule 12(b)(6). ECF No. 37 at 8. In support of its Motion, Google also asks the Court to take judicial notice of the search results from the United States Copyright Office's ("USCO") Public Catalogue of public copyright records. ECF No. 37-2.

### A. Applicable Law

Rule 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

/ / /

/ / /

**B. Discussion**

    i. Request for Judicial Notice

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While "undisputed matters of public record" are judicially noticeable, a court may not take notice of disputed facts in public records. *Lee*, 250 F.3d at 689; *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Courts in this district have routinely granted requests for judicial notice as to the U.S. Copyright Office's Public Records Catalogue. *See, e.g., Evans v. NBCUniversal Media, LLC*, No. CV 21-0984-CBM-PD(x), 2021 WL 4513624, at *2 (C.D. Cal. July 23, 2021) (granting judicial notice of the presence of movie title in USCO Public Catalogue); *Fisher v. Nissel*, No. CV 21-5839-CBM-(KSx), 2022 WL 16961479, at *3–4 (C.D. Cal. Aug. 15, 2022) (granting judicial notice as to multiple printouts from the USCO's Public Records Catalogue).

Here, Google introduces a screenshot of search results from the USCO's Public Catalogue of copyright records. ECF 37-2. The search indicates no results were found for copyright records belonging to "Khan Shaheryar." *Id.* at 2. Because the search results reflect the public records maintained on a government agency website, the Court GRANTS judicial notice of the screenshot depicting the USCO Public Catalogue search results.

    ii. Analysis

Google argues that Khan fails to state a claim against Google. ECF No. 37 at 7 ("Google is but a tangential inclusion in Khan's complicated tale of fraud and conspiracy."). Because Khan does not clearly identify which Defendants are implicated in the acts giving rise to his claims, Google responds to each of Khan's nineteen causes of action. *Id.* The Court addresses each of the causes of action as they pertain to Google:

    1. *Common Law Torts (Contract Claims)*

Khan brings multiple tort claims relating to contracts and prospective economic advantage. These claims are breach of contract, inducing breach of contract, interference with a contractual relationship, and interference with prospective economic advantage. The Court first addresses

Khan's claim for breach of contract. Google correctly identifies the elements of a breach of contract claim as (1) the existence of a contract, (2) plaintiff's performance or excused non-performance, (3) defendant's breach, and (4) resulting damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *Hamilton v. Exec. Process, LLC*, No. 2:19-CV-00717-R-JPR, 2019 WL 6330678, at *4 (C.D. Cal. Sept. 3, 2019). Here, although Khan's allegations mention the existence of at least one contract, it is not clear from the face of the pleadings that this contract involved Google; rather, it appeared to involve Khan and his business partner, Defendant Kraemer and other "consultants." *See* ECF No. 1 at 7. Accordingly, having failed to plead any of the elements of breach of contract as they pertain to Google, Khan has failed to plead a valid claim.

Khan also brings claims for intentional interference with a contractual relationship[5] and inducing breach of contract. ECF No. 1. In order to state a claim for intentional interference with a contractual relationship, California law "requires that a plaintiff prove: (1) he had a valid and existing contract with a third party; (2) defendant had knowledge of this contract; (3) defendant committed intentional and unjustified acts designed to interfere with or disrupt the contract; (4) actual interference with or disruption of the relationship; and (5) resulting damages." *X Corp. v. Ctr. for Countering Digital Hate, Inc.*, 724 F. Supp. 3d 948, 985 (N.D. Cal. 2024) (citing *Shamblin v. Berge*, 166 Cal. App. 3d 118, 122 (1985)) (cleaned up). In order to state a claim for inducing breach of contract, California law "requires that a plaintiff prove: (1) he had a valid and existing contract with a third party; (2) defendant had knowledge of the contract and intended to induce its breach; (3) the contract was in fact breached by the contracting party; (4) the breach was caused by defendant's unjustified or wrongful conduct; and (5) damages were suffered as a result." *Id.* Here, Khan has not pleaded any of the elements required by either cause of action, and, therefore, fails to plead a valid claim.

Finally, Khan brings a claim for interference with prospective economic advantage. To state a claim, Khan must allege: "(1) an economic relationship between the plaintiff and a third party, with

---

[5] Although Khan also brings a claim for "negligent interference with a contractual relationship," there is no cause of action for negligent interference with contractual relations under California law. *See Davis v. Nadrich*, 174 Cal. App. 4th 1, 9 (2009).

the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and wrongful conduct designed to interfere with or disrupt this relationship; (4) interference with or disruption of this relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful conduct." *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 241 (2005). The same elements apply to a claim for negligent interference with prospective economic advantage, but Khan must also allege that Google owed him a duty of care. *See N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 786 (1997); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 348 (1997). Here, Khan has not pleaded any facts to support that Google had knowledge of Khan's economic relationships with any third parties. Khan also failed to plead that Google somehow disrupted these relationships or that Google owned Khan a duty of care. Therefore, Khan has failed to plead a valid claim for interference with prospective economic advantage.

For the foregoing reasons, the Court DISMISSES all common law tort claims against Google. Because it is conceivable that Khan may present additional facts to support the elements of these claims, the Court GRANTS Khan LEAVE TO AMEND.

### 2. Copyright Infringement

Khan brings his second claim for copyright infringement. To raise a claim for copyright infringement, a plaintiff must establish two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Khan has not established ownership of a valid copyright, and the Court takes judicial notice that a search for a valid copyright on the USCO's Public Catalogue did not yield any results. Khan has also failed to plead the originality of his work—the pleadings as to the copyright material are too vague for the Court to determine what (if anything) was stolen, and by whom. The Court therefore DISMISSES the copyright claims against Google. Because it is conceivable that Khan may present additional facts to support the elements of these claims, the Court GRANTS Khan LEAVE TO AMEND.

/ / /

/ / /

### 3. Fraud

Khan brings his third cause of action under 18 U.S.C. § 1341, which governs mail fraud. The Court agrees with Google that it appears Khan brings this claim as an attempt to hold Defendants liable for alleged tampering Khan's personal emails. *See* ECF No. 37 at 11. This is a criminal statute without a private right of action. Further, because Khan attempts to apply this statute to *electronic* mail, he has not pleaded any facts relating to "any matter or thing whatever to be sent or delivered by the Postal Service." 18 U.S.C. § 1341. The Court therefore DISMISSES this claim as to Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 4. Conspiracy

Khan brings his fourth cause of action under 18 U.S.C. § 371, which outlaws conspiracy to commit an offense against or defraud the United States. This statute does not address Khan's allegations: Khan alleges that *he* is the victim of a conspiracy, but the statute only applies to conspiracies against the *United States*. The Court therefore DISMISSES the conspiracy claim against Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 5. Obstruction of Justice & Spoliation of Evidence

Khan brings his fourth and fifth causes of action under 18 U.S.C. § 1519, which governs the "destruction, alteration, or falsification of records in Federal investigations and bankruptcy." Khan has not pleaded any facts related to tampering of records in other federal investigations or bankruptcy proceedings, and, further, the claims are based on a criminal statute without a private right of action. The Court therefore DISMISSES both claims as to Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 6. Corporate Espionage

Khan brings his seventh cause of action under 18 U.S.C. § 1831, which addresses espionage to the benefit of a foreign government. This is a criminal statute without a private right of action. Further, Khan has not pleaded any facts relating to foreign governments or their agents. The Court

therefore DISMISSES this claim as to Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 7. *Conflict of Interest*

Khan brings his eighth cause of action under 18 U.S.C. § 208, which restricts federal employees from engaging in proceedings where they have a conflicting economic interest. This is a criminal statute without a private right of action. Further, Khan has not pleaded any facts relating to federal employees and has not shown how any federal employees that could theoretically be implicated in this case could also be employees of Google. The Court therefore DISMISSES this claim as to Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 8. *Insider Trading*

Khan brings his ninth cause of action for insider trading pursuant to section 10(b) of the Securities and Exchange Act of 1934. 15 U.S.C. Chpt. 2B. To bring a private cause of action for securities fraud, a plaintiff must allege: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (internal citation omitted). Khan has not pleaded any facts relating to securities. Accordingly, the Court DISMISSES the insider trading claims as to Google. Because it is conceivable that Khan may present additional facts to support the elements of these claims, the Court GRANTS Khan LEAVE TO AMEND.

### 9. *Unfair Competition*

Khan brings his tenth cause of action under 15 U.S.C. § 1125, which governs unfair competition between businesses. An unfair competition claim requires a plaintiff to plead:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Meissner Filtration Prod., Inc. v. Sani-Tech W., Inc.*, No. LACV2201194JAKEX, 2022 WL 17190245, at *3 (C.D. Cal. Oct. 3, 2022) (internal citation omitted). Khan has failed to plead Google has made a false statement of fact;[6] therefore, his unfair competition claim must fail. The Court therefore DISMISSES this claim as to Google. Because it is conceivable that Khan may present additional facts to support the elements of these claims, the Court GRANTS Khan LEAVE TO AMEND.

### 10. Federal Tort Claims Act[7]

Khan attempts to raise several claims under 28 U.S.C. §§ 2671, *et seq.*, the Federal Torts Claims Act ("FTCA"). There is no right of action for an individual to bring claims against a private corporation under the FTCA—the statute was designed as a legal vehicle for private individuals to sue for torts committed by the United States (by and through its agents, federal employees). Accordingly, the Court DISMISSES all FTCA claims against Google. Because this claim cannot be saved via any conceivable amendment, LEAVE TO AMEND is DENIED.

### 11. Federal Trade Secrets Claims

Khan brings his seventeenth and eighteenth causes of action under the Defend Trade Secrets Act. 18 U.S.C. §§ 1831–32. To state a claim for trade secret misappropriation under the Defend Trade Secrets Act, a plaintiff must allege that: "(1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." *Versata Software, Inc. v. Configit A/S*, No. LACV2009019JAKMRWX, 2021 WL 5536287, at *3 (C.D. Cal. Sept. 10, 2021). While Khan references his ownership of trade secrets, he fails to plead any facts to support his claims. Khan's allegations regarding his ownership of trade secrets and any misappropriations or damages with regard to those secrets is therefore impermissibly speculative and does not pass muster under the *Twombly*/*Iqbal* standard. The Court therefore DISMISSES the trade

---

[6] As Google points out, Khan has failed to plead that Google has made statements of any kind—true or untrue. *See* ECF No. 37 at 14.

[7] The Court (and Google) infers from a liberal reading of Khan's Complaint that he intended to bring his tort claims under California common law. *See* ECF No. 37 at 15–18. The Court addresses those claims in subsection 1 of this analysis.

secrets claims as to Google. Because it is conceivable that Khan may present additional facts to support the elements of these claims, the Court GRANTS Khan LEAVE TO AMEND.

*12. Tolling of a Statute*

Khan lists "tolling of a statute" as a cause of action, but he appears to be asking that the Court consider tolling when evaluating whether his claims are timely. The Court will consider all relevant statutes of limitation but reiterates that tolling is not a cause of action.

iii. <u>Conclusion</u>

For the reasons explained above, Google has sufficiently argued that Khan failed to meet the basic pleading requirements under Rule 8(a). Fed. Rules Civ. Proc. 8(a)(2) (requiring the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief"). Absent additional specificity, it is impossible for the Court (or Google) to know how Google has allegedly harmed Khan.

Accordingly, given that the Complaint fails to plausibly allege any harmful conduct attributable to Google, Google's Motion to Dismiss is GRANTED. Because a possibility remains that Khan may be able to marshal facts to support his claims against Google, the Court also GRANTS LEAVE TO AMEND where indicated.

II. **<u>Everlywell's Motion to Dismiss</u>**

Everlywell moves to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6).

A. **Subject Matter Jurisdiction**

"Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (citing 28 U.S.C. § 1331) (internal citations omitted). "Dismissal for lack of subject-matter jurisdiction . . . is proper only when the claim is so . . . 'completely devoid of merit as not to involve a federal controversy.'" *Brownback v. King*, 592 U.S. 209, 217 (2021) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998).). However, a plaintiff must plausibly allege all jurisdictional elements. *Id.* (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).)

Everlywell argues that Khan has not adequately alleged the basis for the Court's subject matter jurisdiction. ECF No. 40 at 3. But as Everlywell admits, "the [C]ourt must construe *pro se* pleadings liberally and afford Plaintiff the benefit of any doubt." *Id.*; *see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating "[*Pro se* pleadings] . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Here, Khan alleges his intellectual property has been infringed. *See generally* ECF No. 1. The registration and management of intellectual property (including copyright and trademark rights) is managed by the federal government (including agencies such as the USCO and the U.S. Patent and Trademarks Office). The violation of any intellectual property rights is likely to raise issues of federal law, thus placing the current dispute squarely within this Court's jurisdictional wheelhouse. Moreover, Khan alleges Defendants have violated multiple federal statutes. *See, e.g.*, *id.* at 12 (alleging violations of the Defend Trade Secrets Act). The Court therefore finds Khan has sufficiently pleaded subject matter jurisdiction at this stage in the proceedings.

### B. Personal Jurisdiction

#### i. Applicable Law

"In evaluating the appropriateness of personal jurisdiction over a nonresident defendant, [courts] ordinarily examine whether such jurisdiction satisfies the 'requirements of the applicable state long-arm statute' and 'comport[s] with federal due process.'" *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994)). "Because California permits the exercise of personal jurisdiction to the full extent permitted by due process, [courts] need only determine whether jurisdiction over [a defendant] comports with due process." *Id.* (cleaned up); *see* Cal. Civ. P. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). "For due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not

offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017). "If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available; in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). On the other hand, a court may exercise specific jurisdiction over a foreign defendant if the plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017)).

The Ninth Circuit has established three requirements for a district court to exercise specific personal jurisdiction over a nonresident defendant:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum";
> (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and
> (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1154).

### ii. Discussion

Everlywell argues that Khan has not properly alleged personal jurisdiction. ECF No. 40 at 4–5. "Everlywell is incorporated in Delaware with a principal place of business in Texas." *Id.* As established in *Goodyear*, a corporation is not generally considered to be "at home" outside of the states where it is incorporated or headquartered. 564 U.S. at 924. Khan does not dispute that general jurisdiction would be inappropriate over Everlywell. Therefore, the Court proceeds to analyzing whether Everlywell has sufficient "minimum contacts" with the state of California such that specific jurisdiction would be appropriate. *Bristol-Myers Squibb Co*, 582 U.S. at 262.

To establish the existence of specific personal jurisdiction, the plaintiff must present facts to support the allegations that: (1) the defendant purposefully directed its activities at the forum state or somehow otherwise purposefully availed itself of the privileges of the forum state; and (2) the claims at issue arose out of or relates to the defendant's forum-state related activities. *Axiom Foods, Inc.*, 874 F.3d at 1068. Here, Khan has not pleaded any facts to support either prong of this test. Therefore, Khan fails to meet his burden to establish the existence of personal jurisdiction.

Accordingly, the Court GRANTS Everlywell's Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).[8] Because it remains possible that Khan may be able to plead facts establishing specific jurisdiction, the Court also GRANTS LEAVE TO AMEND to remedy the jurisdictional issues.

### SERVICE ON REMAINING DEFENDANTS

Rule 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Khan originally filed this lawsuit on April 7, 2022. ECF No. 1. After granting multiple extensions to affect service, on December 13, 2022, this Court ordered Khan to serve all

---

[8] Because jurisdiction does not exist, the Court does not reach Everlywell's 12(b)(6) arguments.

1  Defendants or receive waivers of service within sixty days. ECF No. 32. Although Khan continued
2  to upload proofs of service, the docket indicates these filings remain defective—the Court cannot
3  determine from the filings *which* Defendants were served and the method by which service occurred.
4  (As the Court has previously admonished Khan, the requirements for service on individuals and
5  corporations are enumerated in Rule 4(e), (h).) It is possible that Khan has properly served
6  Defendants and simply failed to give proper notice to the Court.

Accordingly, Khan is ORDERED to file proof of adequate service as to all Defendants (except for Google and Everlywell) within forty-five (45) days of this Order. If Khan has not properly served Defendants or fails to file the valid proofs of service within the allotted time, all claims will be dismissed with prejudice as to the remaining Defendants.

**RESOURCES FOR *PRO SE* LITIGANTS**

Although Khan is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive

resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

////

////

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 126) is DENIED;
2. Defendant Google's Motion to Dismiss (ECF No. 37) is GRANTED with leave to amend the identified claims;
3. Defendant Everlywell's Motion to Dismiss (ECF No. 40) is GRANTED with leave to amend the identified claims;
4. Plaintiff is ORDERED to file proof that he has properly served remaining Defendants.

Khan shall have thirty (30) days from the date of this Order to amend his Complaint and forty-five (45) days from the date of this Order to upload a valid proof of service.

IT IS SO ORDERED.

Dated: December 24, 2024

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge